UNITED STATES DISTRICT COURT – WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

| | |
|---|---|
| CHESTER MAXWELL,<br><br>　　Plaintiff,<br><br>vs.<br><br>STANLEY AUTOMOTIVE ENTERPRISES, INC., and LESTER DON ADAMS, JR. dba Don's Auto Recovery,<br><br>　　Defendants. | Case No. 7:21-CV-0070<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff Chester Maxwell hereby complains against defendants Stanley Automotive Enterprises, Inc. (hereinafter "Stanley Automotive"), and Lester Don Adams, Jr. (hereinafter "Adams"), and alleges as follows:

## OPERATIVE FACTS

1.　On or about April 19, 2019, plaintiff purchased a 2007 GMC Sierra 1500 vehicle on credit from an auto dealership, Stanley Ford Andrews. Plaintiff intended to use the vehicle primarily for personal, family or household use. Plaintiff signed a retail installment sales contract which imposed a 21.6% interest rate, and gave the dealership a security interest in the vehicle. The dealership assigned the contract to defendant Stanley Automotive.

2.　Plaintiff fell behind on his installment payments, and defendant Stanley Automotive hired defendant Adams to repossess plaintiff's vehicle by self-help repossession.

3.　On or about November 23, 2020, defendant Adams arrived to repossess the vehicle. Plaintiff objected to the repossession, and refused to turn over the vehicle. Adams failed to retreat

and obtain a court order, as he was required to do by law. Instead, Adams called the police to assist him with the repossession. The police sent several cruisers and officers to the scene. The police threatened plaintiff that unless he turned over the vehicle, he would be arrested and charged with serious crimes. Intimidated, plaintiff was forced to turn over the vehicle to Adams. By the foregoing conduct, defendants breached the peace during the repossession in violation of Bus. & Comm. Code § 9.609(b).

## PARTIES

4. Plaintiff Chester Maxwell is a natural person over the age of 18 years and is a resident of Ector county, Texas.

5. Defendant Stanley Automotive Enterprises, Inc. is a Texas corporation, with its headquarters located at 3915 Lemmon Avenue, Suite 300, Dallas, Texas 75219.

6. Defendant Lester Don Adams Jr. is an individual over the age of 18, and does business under the fictitious business name of Don's Auto Recovery, which is headquartered in Big Spring, Texas.

7. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff under agency principles, or in the alternative, because the duty to conduct a repossession without a breach of the peace is non-delegable under Texas law.

## JURISDICTION & VENUE

8. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367.

9. Venue is proper in the Western District of Texas because (1) defendant Adams is a resident of this district, and all defendants are residents of Texas; and (2) a substantial part of the events or omissions giving rise to the claim occurred in this district.

### FIRST CAUSE OF ACTION
**(Against Defendant Adams for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

10. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

11. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant Adams is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant Adams uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

12. Defendant violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

13. Defendant had no present right to repossess plaintiff's vehicle in breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

14. Plaintiff is entitled to actual damages sustained as a result of defendant's conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

15. Plaintiff is entitled to statutory damages of $1,000 against defendant, pursuant to 15 U.S.C. § 1692k. Defendant violated the FDCPA intentionally.

16. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee,

pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant Stanley Automotive For Violations of the Uniform Commercial Code)**

17. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

18. Defendant violated Texas Bus. & Commerce Code § 9.609(b) by repossessing plaintiff's vehicle in breach of the peace.

19. Plaintiff is entitled to recover the actual damages caused by defendant's failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

20. Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

## THIRD CAUSE OF ACTION
**(Against Defendant Stanley Automotive For Breach of Contract)**

21. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

22. In its written contract with plaintiff, defendant promised as follows: "If I default, you may repossess the motor vehicle from me if you do so peacefully." Defendant breached this promise by repossessing the vehicle in breach of the peace.

23. As a proximate result of defendant's breach of contract, plaintiff has suffered and is entitled to recover damages.

24. Plaintiff is entitled to recover attorneys fees and costs pursuant to the terms of the contract, and Texas Civil Practice And Remedies Code § 38.001(8).

## FOURTH CAUSE OF ACTION
### (Against All Defendants For Violations of the Texas Theft Liability Act)

25. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

26. Defendants unlawfully appropriated the property of plaintiff without his consent.

27. Plaintiff sustained damages as a result of the unlawful appropriation, and is entitled to recover those damages from defendants, pursuant to Tex. Civ. Prac. & Remedies Code § 134.003.

28. Plaintiff is entitled to actual damages, in addition to $1,000 in statutory damages, pursuant to Tex. Civ. Prac. & Remedies Code § 134.005(a)(1).

29. Plaintiff is entitled to court costs and reasonable and necessary attorneys fees pursuant to Tex. Civ. Prac. & Remedies Code § 134.005(b).

## PRAYER

WHEREFORE, plaintiff prays for relief, and demands judgment as follows:

1. For actual damages;

2. For statutory damages;

3. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

4. For pre-judgment interest to the extent permitted by law; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and Texas Constitutions.

Dated: April 16, 2021

Respectfully submitted,

*/s/  Alexander B. Trueblood*
Alexander B. Trueblood
Texas Bar No. 24100609
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Ste 1600
Los Angeles, California 90024
(800) 616-9325
(310) 943-2255 facsimile
*alec@hush.com*

Attorneys for Plaintiff
CHESTER MAXWELL